## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA NOZINICH and** | § | |
| **PETER NOZINICH,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:09-cv-02105-dkv** |
| | § | |
| **JOHNSON & JOHNSON, INC.,** | § | **Jury Demand** |
| **and CENTOCOR ORTHO BIOTECH, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DETAILED DESCRIPTION OF DEFENDANTS' PRIVILEGE LOG ENTRIES

In support of their Motion to Compel the Defendants to supplement their paper and electronic privilege logs with a detailed description of the entries, the plaintiffs file this Memorandum of Law.

### FACTS

This is a products liability case against the makers and manufacturers of a pharmaceutical known as Remicade. Mrs. Nonzonich, the plaintiff, took Remicade to treat the symptoms of rheumatoid arthritis. After intravenous doses of Remicade, Mrs. Nozinich developed debilitating and potentially deadly pulmonary emboli.

In response to the plaintiffs' requests for production the defendants turned over two privilege logs. The first privilege log is the defendants' response to documents that the defendants produced in hard-copy, paper format in a series of 268 boxes. (Exhibit

1

1- Centocor Ortho Biotech Privilege Log Remicaide Paper Document Production).[1]  The

Paper Privilege Log is four pages long and contains twenty-four entries.   (Exhibit 1).

The defendants also provided the plaintiffs with a second privilege log entitled

"Nozinich v. Centocor Ortho Biotech Inc., Remicade Privilege Log."  (Exhibit 2, Parts

A–C- "Electronic Privilege Log").  The Electronic Privilege log is 124 pages.  (Exhibit 2,

Parts A–C).  The entries are not numbered.  (Exhibit 2, Parts A–C).  Although the

entries are not numbered, the privilege log contains an estimated 2,400 entries.

(Exhibit 2, Parts A–C).

## LAW AND ARGUMENT

I.   THE DEFENDANTS' PRIVILEGE LOGS DO NOT PROVIDE A SUFFICIENT
     DESCRIPTION OF THE SUBSTANCE OF THE ENTRIES TO ALLOW THE
     PLAINTIFF OR THE COURT TO DETERMINE IF THE CLAIMED PRIVILEGE
     APPLIES TO THE COMMUNICATION.

The defendants privilege logs only contain a brief and vague description of the

subject matter of the allegedly privileged communication.  The description is not

sufficient to allow the plaintiffs or this Court to determine if the asserted privilege

applies.  Privilege logs should include sufficient information to allow a court and the

discovering party to make a reasonable determination whether the asserted privilege or

protection applies to the communication in question.  See Fed. R. Civ. P. 26(b)(5)(A);

Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 470 (S.D. N.Y. 1993);

Smith v. Dow Chemical Co., 173 F.R.D. 54, 57-058 (W.D. N.Y. 1997).  As the party

---

[1] For ease of reference the plaintiffs will refer to Centocor Ortho Biotech, Inc.'s Privilege Log for
the Remicade Paper Document Production as the "Paper Privilege Log." (Exhibit 1).  The plaintiffs will
refer to the Nozinich v. Centocor Ortho Biotech Inc. Remicade Electronic Privilege Log as the "Electronic
Privilege Log." (Exhibit 2, Parts A–C).

asserting the privilege, the defendants have the burden of establishing the applicability of the privilege. In re Grand Jury Investigation No. 83-2-25, 723 F.2d 447, 450–51 (6th Cir. 1983).

A.    The standard for evaluating the sufficiency of the descriptions of the entries is based on the substantive law of the asserted privilege or protection.

In this case, to determine whether the privilege or work-product protection is applicable, the Court must look to Tennessee state law on attorney client privilege and Federal law on the work product protection to determine whether the information provided in the defendants' privilege logs is sufficient to assess whether the communications listed are in fact privileged. See Sid Mike 99, LLC v. Suntrust Bank, No. 2:07-CV-02453-STA-dkv, 2009 WL 3255209, at *1 (W.D. Tenn. Oct. 6, 2009)(applying Tennessee law on attorney client privilege and work product protection in diversity action); In re Professionals Direct Ins. Co., 578 F.3d 432, 438–442 (6th Cir. 2009)( applying state privilege law).

Tennessee attorney client privilege requires as showing that (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication is made was or is a member of the bar or his subordinate and the member of the bar was acting as a lawyer in connection with this communication; (3) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of a legal opinion, legal services, assistance in a legal proceeding and not for the purpose of committing a crime or tort; and (4) the client has claimed and not waived the privilege.  Tenn. Code Ann. section 23-3-105; Humphreys', Hutcheson & Moseley v. Donovan, 568 F. Supp. 161, 175 (M.D.

3

Tenn. 1983).

With regard to legal advice rendered by in-house counsel, the party asserting the privilege must demonstrate that the communication in question was made for the express purpose of securing legal advice rather than business advice. Curtis v. Alcoa, Inc., No. 3:06-CV-448, 2009 WL 838232, at *2–3 (E.D. Tenn. March 27, 2009) (citing Kramer v. The Raymond Corp., No. 90-506, 1992 LEXIS 7418 at *3–14 (E.D. Pa. May 29, 1992)) (copy attached as Exhibit 3). Furthermore, there is a distinction between communications made by attorneys and to attorneys. Communications made by an attorney to a client are only privileged when the communications reveal the substance of a confidential communication made by a client. Curits, 2009 WL 838232 at *2 (citing American Standard Inc. v. Pfizer, Inc., 828 F.2d 734, 745 (Fed. Cir. 1987)).

On the other hand, the work product protection is governed by Federal Rule of Civil Procedure 26(b)(3)(B). Pursuant to Rule 26(b)(3), in order for the work product protection to apply the communication must (1) be a document or tangible thing, (2) be prepared in anticipation of litigation or for trial, and (3) be prepared by or for another party or that party's representative. See Fed. R. Civ. P. 26(b)(3). To determine whether a document is prepared "in anticipation of litigation," the party claiming the protection must show that the document was prepared because of the subjective anticipation of litigation rather than for a business purpose and that the subjective anticipation of litigation was objectively reasonable. In re Professionals Direct Ins. Co., 578 F.3d 432, 439 (6th Cir. 2009) (citing United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir. 2006)).

4

B.    The defendants' privilege logs do not include a sufficiently detailed description of the allegedly privileged or protected communications to allow the plaintiffs or the Court to determine if a privilege applies.

In order for the defendants' privilege logs to meet the requirements of Rule 26(b)(5), the defendants must provide enough information of the description of the documents so that the plaintiffs and this Court can determine if the substantive law of Tennessee attorney client privilege and/or the work product doctrine, as set forth in Federal Rule of Civil Procedure 26(b)(3), applies to the communications included on the defendants' privilege logs. See Smith v. Dow Chemical Co., 173 F.R.D. at 57-058.  The defendants' descriptions of the documents only vaguely identify the subject matter of the communications listed on their privilege log.  For example, the fourth entry on page one of the defendant's electronic privilege describes the document as an "e-mail providing legal advice re: Draft Business Plans."[2]  (Exhibit 2, Part A). Another example is the sixth entry on page 71.  (Exhibit 2, Part B).  The defendants describe this communication as "Draft Letter re: FDA Direct to Consumer (DTC) Broadcast Ad." Notably, with regard to this entry, as is with some of the other entries, the recipient and date fields are blank.  More examples include entries numbers eight and nine on page 109.  These entries are both described as "document analyzing premedication and infusion reactions prepared in response to counsel's request for information." (Exhibit 2, Part C).  Neither entries eight and nine on page 109 include the recipient or the full

_____

[2] The defendants did not number the entries on their Electronic Privilege Log.  Requiring the defendants to number their entries should not unduly burden the defendants.  The Electronic Privilege Log was created from an Excel document.  See Exhibit 2, Parts A–C- notation in lower left corner.

name of the author. (Exhibit 2, Part C).

Applying the standard to the first example, which is representative of the defendants' privilege log, it is clear that the defendants did not provide enough information to allow the plaintiffs or the Court to accurately evaluate whether the asserted privilege applies. The defendants claim that the attorney-client privilege applies to their draft business plans, but based on the description provided, the plaintiffs cannot determine if the communication relates to a fact that the attorney was informed of by his client, without the presence of strangers, for the purpose of legal opinion or services. See Humphreys', Hutcheson & Mosley, 568 F. Supp. at 175. This determination is further complicated because Freddy Jimenez, Esq., whom the plaintiffs believe is general counsel for the defendants, is the author of the document and Teri Lawyer is the recipient. The document is copied to the Chirs Zaleski, Peter Greenleaf, Scott Habig, John Murray, Bob Pracher, and Karen E. Smith. The defendant fails to identify the author's title and the recipients' titles. The information that the defendants provide in their description of the documents in the privilege log is simply insufficient to allow the plaintiff and the Court to determine if the privilege applies. See Fed. R. Civ. P. 26(b)(5)(A).

The defendants' descriptions of the allegedly privileged communications also fail when compared to the descriptions accepted by other Tennessee district courts. For instance, in Curtis v. Alcoa, Inc., 2009 WL 838232 at *3 –11, the district court was able to evaluate the applicability of the asserted privilege based on descriptions such as: "Portions of presentation prepared by company employees and consultants at the request of Nicolaas Storm, acting in his various capacity as in-house counsel, to assist

6

him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations." Curtis, 2009 WL 838232 at *3. Based on this description the Eastern District Court of Tennessee was able to determine that attorney client privilege applied to this communication. In contrast to the descriptions that permitted the Curtis court to make a determination whether the asserted privilege applied, the defendants descriptions such as "e-mail providing legal advice re: Draft Business Plans" are clearly insufficient. (Exhibit 2, Part A- p. 1 entry 4).

## CONCLUSION

The Court should require the defendants to supplement their privilege logs with sufficient descriptions so that the plaintiffs and the Court can determine whether the asserted privilege applies. Fed. R. Civ. P. 26(b)(5)(A). The descriptions of the defendants' allegedly privileged documents do not include sufficient information to perform a privilege analysis. Accordingly, the Court should require the defendants to provide a more detailed description of their privilege log entries.

Respectfully submitted,

**Hill • Boren, P.C.**

/s/ T. Robert Hill
T. Robert Hill  #08141
Attorney for Plaintiffs
1269 North Highland Avenue
Post Office Box 3539
Jackson, Tennessee 38303-3539
(731) 423-3300

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is attorney of record for the plaintiff and that he has served a true and correct copy of the foregoing pleading, via electronic filing, through the U.S. District Court's ECF System to:

**Bass, Berry & Sims, PLC**
Clarence A. Wilbon #023378
Nolan M. Johnson #026399
The Tower at Peabody Place
100 Peabody Place, Suite 900
Memphis, TN 38108-3672
(901) 543-5900
*Attorneys for Defendants*
*Johnson & Johnson, Inc. and*
*Centocor Ortho Biotech, Inc.*

On this the 21st day of January, 2011.

/s/ T. Robert Hill
T. ROBERT HILL, ESQ. (BPR #08141)

8