```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

PATRICIA NOZINICH and            )
PETER NOZINICH,                  )
                                 )
        Plaintiffs,              )
                                 )
vs.                              )           No. 09-2105-V
                                 )
JOHNSON & JOHNSON, INC.          )
and CENTOCOR ORTHO BIOTECH, INC.)
                                 )
        Defendants.              )
_____

            ORDER GRANTING IN PART AND DENYING IN PART
                 PLAINTIFFS' MOTIONS TO COMPEL
_____

Before the court are two motions to compel filed by the plaintiffs, Patricia and Peter Nozinich, on January 21, 2011,[1] pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, to compel the defendants, Johnson & Johnson, Inc. and Centocor Ortho Biotech, Inc., to provide more detailed privilege logs. The parties have consented to trial before the United States Magistrate Judge. For the reasons stated below, the motions are granted in part and denied in part.

---

[1] In the first motion to compel, entitled "Plaintiffs' Motion to Compel Detailed Description of Defendants' Privilege Log Entries," (D.E. 55), the plaintiffs seek more detailed descriptions of the communications withheld as privileged in order to make a determination if the asserted privilege applies. In the second motion to compel, entitled "Plaintiffs' Motion to Compel Defendants to Supplement Their Privilege Logs with Additional Information," D.E. 56), the plaintiffs make four specific requests for additional information.

I. FACTUAL AND PROCEDURAL BACKGROUND

This is a products liability case against the manufacturers, marketers, and distributors of a drug known as Remicade used to treat rheumatoid arthritis. The plaintiff, Patricia Nozinich, alleges that after receiving intravenous doses of Remicade she developed pulmonary emboli.

In response to plaintiffs' discovery requests, the defendants produced two privilege logs: a privilege log for documents produced electronically ("the electronic log") and a privilege log for documents produced in hard copy ("the paper log"). The plaintiffs claim that the privilege logs are inadequate.

II. ANALYSIS

In their two motions to compel, the plaintiffs seek more detailed privilege logs, to include specifically: (1) numbered entries on the electronic privilege log; (2) identification of the specific document request to which each entry on the privilege logs corresponds; (3) identification of the entries on the privilege logs which relate to thrombo-embolic events; (4) a glossary of abbreviations used in the privilege logs; and (5) more detailed descriptions of the subject matter of the communications listed on the privilege logs. Other than the request for numbered entries, the defendants oppose the other relief requested by the plaintiffs.

Rule 26(b)(5)(A) instructs that when a party withholds information on a claim of privilege or as protected trial

2

preparation materials, then the party "must expressly make the claim" and describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). The privilege log should contain the date and time of the document, the type of communication, the author, the addressee(s), identification of the recipients, the privilege asserted, and an explanation of the privilege claimed. The burden is on whoever asserts the privilege, in this case the defendants. The defendants maintain that the privilege logs are sufficient.

### A. Numbered Entries on the Electronic Privilege Log

In response to the motions, the defendants produced a revised privilege log in which the entries were numbered. Accordingly, plaintiffs' motions are moot in that respect.

### B. Identification of the Specific Document Request to Which Each Entry on the Privilege Logs Corresponds

The plaintiffs request that the defendants identify the particular document request to which the withheld documents are responsive. The plaintiffs assert that without this information they are unable to determine the importance or relevance of the allegedly privileged documents.

In support of their request, the plaintiffs rely on *Sonnino v. University of Kansas Hosp. Auth.*, 220 F.R.D. 633 (D. Kan. 2004) and *Shqeirat v. U.S. Airways Group, Inc.,* No. 07-1513, 2008 WL 4232018

(Sept. 9, 2008 D. Minn.). In *Sonnino*, the magistrate judge ordered the defendants to identify the particular request which the allegedly privileged document was responsive because without the information the plaintiff was unable to determine if the document was withheld on the basis of attorney-client privilege or work product.  *Sonnino*, 220 F.R.D. at 659-660.  In *Shqeirat*, the magistrate judge detailed the topics to be included in a privileged log, and, as to two particular requests, ordered that if responsive and privileged documents be discovered in the future, they be included in a supplemental privilege log.  *Shqeirat*, 2008 WL 4232018 at *1 & *3. Neither of these cases are controlling.

This court has never required that the producing party identify the particular request to which a withheld document is responsive as an item on a privilege log and declines to do so. Identification of the request to which a withheld document is responsive is not necessary for the evaluation of whether a privilege applies.  Nor is it necessary to determine the relevance of the withheld document.  By including the document on the privilege log, the defendants by implication concede the relevance. The plaintiffs motions are denied as to this request.

C.  <u>Identification of the Entries on the Privilege Logs Which Relate to Thrombo-embolic Events</u>

The plaintiffs also request that the defendants identify which withheld documents relate to thrombo-embolic event because such documents are "highly relevant."  Again, this information will not assist the plaintiffs in determining if the documents have been

properly withheld.  Accordingly, the plaintiffs' motions are denied as to this request.

D.   A Glossary of Abbreviations Used in the Privilege Logs

The plaintiffs complain that the defendants have used abbreviations in the privilege logs but have failed to provide a glossary of the meanings of the abbreviations.  The defendants claim to have provided this information already and that the meanings to the abbreviations could have been discovered but that the plaintiffs never requested the information.

The court finds that the defendants should provide definitions of abbreviations used in the privilege logs upon request by the plaintiffs.  Within seven days of the date of this order, the plaintiffs shall identify the abbreviations for which they need definitions.  The defendants shall provide the definitions within seven days of receipt of the request.

E.   More Detailed Descriptions of the Subject Matter of the Communications Listed on the Privilege Logs

The defendants object to providing additional information about each entry because they claim that the identifying material required under Rule 26(b)(5) has already been provided.

Although the plaintiffs state that both the electronic log and the paper log were attached to their motions, the court is unable to locate either.  Therefore the court is unable to assess the sufficiency of the more than 2,000 entries.  Furthermore, the court declines to review each and every entry on the privilege log for

5

sufficiency and will only examine specific entries challenged by the plaintiffs.

The plaintiffs have identified four specific entries they allege are insufficient: (1) "e-mail providing legal advice re: Draft Business Plans" (Electronic Log, p. 1, 4th entry); (2) "Draft Letter re: FDA Direct to Consumer (DTC) Broadcast Ad" (Electronic Log, p. 71, 6th entry); "document analyzing premedication and infusion reactions prepared in response to counsel's request for information." (Electronic Log, p. 109, 8th and 9th entry). The plaintiffs claim that they cannot determine if the first entry is indeed attorney-client privileged because the defendants have failed to identify the title or company role of the author and recipients. The plaintiffs allege that the "Draft Letter" description is insufficient because the defendants did not include the recipients and the date. Finally, the plaintiffs claim that the entries concerning the documents analyzing premedication are insufficient for failure to include the recipient and the full name of the author.

The plaintiffs are entitled to know the role or capacity of each recipient of a withheld document and the recipient's relationship to the author and client in order to assess whether a privilege applies. The defendants must supplement their privilege logs within fourteen days of the date of this order by identifying the title, role, or capacity of each recipient of a withheld

6

document.

The defendants assert that the "Draft Letter" has no recipients or date because it is just that - a draft letter - which was never sent. Accordingly, this entry is sufficient, and the plaintiffs' motions are denied as to this specific request.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motions are granted in part and denied in part. The defendants are directed to provide a supplemental privilege log within fourteen days of the date of this order and to provide the abbreviations as instructed herein.

IT IS SO ORDERED this 22nd day of February, 2011.


                                s/ Diane K. Vescovo
                                DIANE K. VESCOVO
                                UNITED STATES MAGISTRATE JUDGE

7