```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

PATRICIA NOZINICH and         )
PETER NOZINICH,               )
                              )
         Plaintiffs,          )
                              )
vs.                           )   No. 09-02105-dkv
                              )
JOHNSON & JOHNSON, INC.,      )
and CENTOCOR ORTHO BIOTECH, INC.)
                              )
         Defendants.          )
_____

            ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS
_____

Before the court is the March 7, 2011 motion of the plaintiffs, Patricia and Peter Nozinich, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, for sanctions against the defendants, Johnson & Johnson, Inc. and Centocor Ortho Biotech, Inc. ("Centocor"), for failure to meet their duties under the Federal Rules of Civil Procedure 30(b)(6) and 34. The defendants filed a timely response in opposition of the motion. The parties have consented to trial before the United States Magistrate Judge. For the reasons stated below, the motion is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a products liability case against the manufacturers, marketers, and distributors of a drug known as Remicade used to treat rheumatoid arthritis. The plaintiff, Patricia Nozinich, alleges that after receiving intravenous doses of Remicade she developed pulmonary emboli.

On January 14, 2011, the plaintiffs served the defendants with a Notice of Rule 30(b)(6) Video Deposition *Duces Tecum* of Centocor set for Thursday, January 20, 2011; Monday, February 7, 2011; and Tuesday, February 8, 2011. (D.E. 62-1.) The Notice included a schedule of twenty-six designated matters and documents that the plaintiffs sought to have produced and about which they sought testimony.[1] On January 14, 2011, the defendants timely responded,

---

[1] The Notice of 30(b)(6) Video Deposition *Duces Tecum* of Centocor is extremely confusing. The Notice directs Centocor to designate one or more persons who can testify and then states that:

> Defendant will *fully prepare* the designee(s) to testify regarding the following designated matters:
> 1. The existence of documents requested below pursuant to Fed. R. Civ. P. 34;
> 2. The electronic creation, duplication and/or storage of the documents requested below pursuant to Fed. R. Civ. P. 34;
> 3. Any and all documents retention/destruction policies that would relate to any of the documents requested below, pursuant to Fed. R. Civ. P. 34;
> 4. The organization, indexing and/or filing of the documents requested below pursuant to Fed. R. Civ. P. 34;
> 5. The physical location of the documents requested below pursuant to Fed. R. Civ. P. 34;
> 6. The method of search for the documents requested below pursuant to Fed. R. Civ. P. 34;
> 7. The completeness of the documents produced pursuant to Fed. R. Civ. P. 34(A)(2); and
> 8. The authenticity of the documents produced pursuant to Fed. R. Civ. P. 34A.

(D.E. 62-1.) Next the Notice describes five categories about which the designees must be prepared to testify:

> A. Plaintiff seeks a corporate designee with broad knowledge of the safety reporting system used to collect and report safety information from adverse events and/or Med Watch reports.
> B. Plaintiff seeks a corporate designee with broad

noting their objections to each of the twenty-six enumerated document requests/subject areas and designating three persons who would testify to certain designated matters. Despite being served with the defendants' objections, the plaintiffs proceeded to take the depositions of Centocor's three designated Rule 30(b)(6) corporate representatives on the dates noticed.

In the instant motion, the plaintiffs now seek sanctions related to the 30(b)(6) depositions, alleging that the defendants: (1) failed to designate corporate representatives for the matters listed in the Rule 30(b)(6) Notice; (2) denied them the opportunity to depose one of Centocor's corporate designees on financial

---

knowledge regarding the marketing, promotional, and advertising of Remicade.
C. Plaintiff seeks a corporate designee with broad knowledge regarding warnings, labeling changes, package inserts, black box warning, full prescribing information, and medication guides for Remicade.
D. Plaintiff seeks a corporate designee with broad knowledge regarding the relationship of Johnson & Johnson, Inc., and /or Centocor Ortho Biotech, Inc. with infusion clinics in general, and the Rheumatology and Osteoporosis Center of Memphis in specific.
E. Plaintiff seeks a corporate designee with broad knowledge regarding the financial information related to the marketing, annual gross, sales, profits (gross and net) for the drug, Remicade.

(*Id*.) Then the Notice includes a document production request which is combined with a "Schedule of Designated Matters and Documents followed by twenty-six document requests and/or subject areas. (*Id*.) All totaled, it appears that the plaintiffs listed thirty-nine possible areas of inquiry.

matters; and (3) failed to seek rulings on their objections or a protective order.

## II.  ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides a sanction mechanism to enforce effectual discovery.  Under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when a deponent fails to answer a question, a corporation fails to make a Rule 30(b)(6) designation, a party fails to answer an interrogatory, or a party fails to respond to a Rule 34 request. FED. R. CIV. P. 37(a)(3)(B).  Rule 37(a)(4) instructs the courts to treat an incomplete disclosure or response as a failure to disclose or respond.  FED. R. CIV. P. 34(a)(4).  If a party fails to obey a discovery order, the court may then issue a variety of sanctions enumerated in Rule 37(b)(2).  FED. R. CIV. P. 37(b)(2).

A party seeking to impose discovery sanctions must first seek a court order compelling discovery.  *See MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 934 (8th Cir. 2004)(explaining that Rule 37 sanctions were not warranted because imposition of discovery sanctions requires an order compelling discovery, and no such order was sought); *In re Williams*, 156 F.3d 86, 89 n.1 (1st Cir. 1998)("Sanctions under Rule 37(b)(2) may not be levied without issuance, and subsequent violation, of a formal order under Rule 37(a)"); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir.

4

1994)("Rule 37 sanctions . . . are appropriate here if, and only if, [a party] violated a discovery order.").

Additionally, a party seeking a Rule 37(a) order compelling discovery must do so in a timely manner. "Given the considerable discretion district judges exercise in deciding disputed discovery issues, and the district court's responsibility to impose a discovery cutoff under Rule 16(b), it is apparent that timeliness is an important consideration." 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2285 at 497 (2010).

In the instant matter, the plaintiffs seek discovery sanctions against the defendants for "failure to meet their duties under the Federal Rules of Civil Procedure 30(b)(6) and 34." Rule 37 sanctions are only appropriate if the defendants violated a court order. The plaintiffs have not first sought a 37(a) order compelling discovery, as required under the Rules. Accordingly, the court denies the plaintiffs' motion for sanctions.

Although the plaintiffs have not styled the instant motion as a motion to compel, the first sentence of the motion states, "The plaintiffs seek sanctions in the form [sic] an Order from this Court awarding the costs for additional depositions of the defendants' corporate designees *and compelling* the production of information that the plaintiffs have sought, to which the defendants filed objections." (D.E. 62 at 1)(Emphasis added.) This is the only indication that the plaintiffs intend for the court to treat the

5

motion as a motion to compel.  To the extent the motion is intended as a motion to compel, the court denies the motion.

First, in the Notice of 30(b)(6) Video Deposition *Duces Tecum*, the plaintiffs included a list of twenty-six designated matters and/or document requests pursuant to Rule 34.  Rule 30(b)(2) provides that a deposition notice "to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  FED. R. CIV. P. 30(b)(2).  The reference to Rule 34 triggers the procedural requirements of Rule 34.  Under Rule 34, the defendants have 30 days after being served with a document request to respond in writing, stating whether the documents will be produced or noting an objection.  FED. R. CIV. P. 34(b)(2).  If an objection is made, the party seeking discovery must move to compel.  *See* FED. R. CIV. P. 37 advisory cmts, 1970 amend.

Here, the plaintiffs served the 30(b)(6) notice accompanied by the Rule 34 request on January 14, 2011.  The notice set forth that depositions were to be taken on January 20, 2011, February 7, 2011, and February 8, 2011.  The dates set for the depositions did not give the defendants thirty days to provide documents as required under the rule.  Moreover, the defendants timely objected to a number of the document requests/subject matter but the plaintiffs failed to file a motion to compel production prior to the depositions.  Because the plaintiff's Rule 34 document request did not give the defendants the required thirty days to respond, the

defendants are not at fault for failing to produce the requested documents at the depositions.

In addition, the plaintiffs filed the instant motion for sanctions on March 7, 2011, the same day the discovery deadline expired, over a month-and-a-half after the defendants noted their objections, and one month after the 30(b)(6) depositions were conducted. The defendants served its response, designating several corporate representatives and noting their objections, less than a week after the plaintiffs served their discovery request. Instead of promptly filing a motion to compel with the court upon receiving the defendants' objections, the plaintiffs took the depositions of Centocor's three corporate representatives and then let the matter rest, waiting until the last day of discovery to file the instant motion. The plaintiffs should have taken action earlier. In light of this, the court finds that the plaintiffs have essentially waived their right to now argue that the defendants have failed to meet their duties under Rule 30(b)(6). Accordingly, the court denies the instant motion as untimely.

Moreover, the court declines to extend the discovery deadline any further. This case was filed in February of 2009, over two years ago. The original scheduling order set a discovery deadline of January 6, 2010. Since then, the court has extended the discovery deadline three times - July 6, 2010, January 6, 2011, and March 7, 2011. The dispositive motion deadline is April 7, 2011.

Discovery must necessarily have an end. The parties have had ample time to complete discovery.

### III.   CONCLUSION

For the reasons stated above, the plaintiffs' motion for sanctions is denied.

IT IS SO ORDERED this 4th day of April, 2011.

                                        s/ Diane K. Vescovo
                                       DIANE K. VESCOVO
                                       UNITED STATES MAGISTRATE JUDGE