IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA NOZINICH and PETER NOZINICH, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 2:09-cv-02105-dkv |
| JOHNSON & JOHNSON, INC., and CENTOCOR ORTHO BIOTECH, INC., | § § § § | Jury Demand |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO CERTIFY A QUESTION TO TENNESEE SUPREME COURT

Plaintiffs respectfully move the Court to certify a question of state law to the

Tennessee Supreme Court. Plaintiffs seek certification of the following question of state

law:

> Can the manufacturer of a prescription drug rely on the learned intermediary
> defense to escape liability for failure to warn a patient of a known risk of serious
> injury or death from taking the drug when the manufacturer markets its drug
> directly to consumers, not solely to physicians, and the patient relies on the lack
> of warning in deciding to take the prescription drug?

This question of state law will be determinative of this cause of action because the

defendants marketed their drug Remicade directly to Ms.Nozinich and she relied on the

lack of warning of pulmonary emboli and/or thrombotic events in deciding to take

Remicade. There appears to be no controlling precedent in the decisions of the

Tennessee Supreme Court. The Tennessee Supreme Court noted that the learned

intermediary doctrine should apply when a pharmaceutical is marketed solely to a

health care professional, and it has not addressed the meaning of this language since the proliferation of direct to consumer marketing. <u>Pittman v. Upjohn</u>, 890 S.W.2d 425, 430 (Tenn. 1994). Subsequently, the American Law Institute recognized that direct to consumer marketing may be an exception to the learned intermediary doctrine, but left the matter for courts to decide. Restatement of Torts (Third) section 6 comment e (1998). These factors coupled with the proliferation of direct to consumer marketing of prescription drugs, make this question ripe for review by the Tennessee Supreme Court.

For these reasons and the reasons more thoroughly stated in the plaintiffs' memorandum of law, the plaintiffs' respectfully request the Court to order the Clerk of the Court to forward to the Tennessee Supreme Court Clerk a certification order in compliance with Tennessee Supreme Court Rule 23.

Respectfully submitted,

**HILL • BOREN P.C.**

s/ T. Robert Hill
T. ROBERT HILL   (BPR #08141)
1269 North Highland Avenue
Post Office Box 3539
Jackson, Tennessee 38303-3539
(731) 423-3300
trhill@hillboren.com
*Attorneys for Plaintiffs*
*Patricia Nozinich and*
*Peter Nozinich*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is attorney of record for the plaintiff and that he has served a true and correct copy of the foregoing pleading, via electronic filing, through the U.S. District Court's ECF System to:

**Bass, Berry & Sims, PLC**
Clarence A. Wilbon #023378
Nolan M. Johnson #026399
The Tower at Peabody Place
100 Peabody Place, Suite 900
Memphis, TN 38108-3672
(901) 543-5900

John D. Winter *(Pro Hac Vice)*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212)336-2222

*Attorneys for Defendants*
*Johnson & Johnson, Inc. and*
*Centocor Ortho Biotech, Inc.*

On this the 10th day of June, 2011.

/s/ T. Robert Hill
T. ROBERT HILL, ESQ. (BPR #08141)