IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICIA NOZINICH and<br>PETER NOZINICH,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, INC.,<br>and CENTOCOR ORTHO BIOTECH, INC.,<br><br>    Defendants. | §§§§§§§§§§§<br><br>Case No. 2:09-cv-02105-dkv<br><br>Jury Demand |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' BILL OF COSTS

The Court should deny the Defendants' demand for costs totaling $17,395.73 because the costs the Defendants seek are not recoverable under Federal Rule of Civil Procedure 54(d), authorized by 28 U.S.C. § 1920 (2011), nor or they reasonable and necessary.

I.    The Defendant's Motion for Costs Is Untimely.

The Court should deny the defendants' motion for costs because it is untimely. Pursuant to Western District Local Court Rule 54.1(a) "...a cost bill will be filed with the clerk within thirty days from termination of the case." This case was terminated upon the Court's July 6, 2011 grant of the Defendants' Motion to Exclude Expert Testimony of Dr. Trew. The case was closed that day. The last day for the Defendants to timely file a motion to recover costs was August 5, 2011, thirty days from the termination of the case. Therefore, the Defendants' motion filing their Bill of Costs was untimely when it was filed on August 11, 2011. Because the Defendants' Bill of Costs was filed after the time permitted by the local rules, the Court should find that the costs are not

recoverable against Mr. and Mrs. Nozinich.

II. <u>The Defendants seek to recover costs that are not authorized by 28 U.S.C. § 1920.</u>

The prevailing party may only recover costs that are specifically authorized by 28 U.S.C. § 1920. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 444 (1987); <u>see also, Arlington Cent. School Dist. Bd. of Educ. v. Murphy</u>, 548 U.S. 291, 298 (2006) Those costs are limited to the following: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; docket fees under section 1923 of this title; compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and cost of special interpretation services under section 1828. 28 U.S.C. § 1920. Here the defendant seeks the following costs, which are not recoverable:

**Postage** ............................................................................... **$77.40**

(including $30.00 for shipping costs listed on pages 10 and 11 of Document 153-1)

Postage costs are not a recoverable cost. <u>King v. Gowdy</u>, 268 Fed. Appx. 389, 391–392 (6th Cir. 2008) (citing <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1399 (11th Cir. 1996)). It is not listed as a taxable cost under section 1920. 28 U.S.C. § 1920.

**Telephone** ............................................................................**$ 0.85**

Telephone costs are not recoverable. <u>King</u>, 268 Fed. Appx. 389, 391–392 (citing <u>Northcross v. Bd. of Ed. of Memphis City Schools</u>, 611 F.2d 624, 639 (6th Cir. 1979)).

**Deliveries and Messenger Services** ............................................**$ 385.44**

FedEx and other deliver services charges, including but not limited messenger or courier services are non-taxable costs. <u>Fogerty v. MGM Group Holdings Corp. Inc.</u>, 379 F.3d 348 (6th Cir. 2004).

**Teleconference calls..................................................................$4, 924.19**

The teleconference calls listed on the defendants' invoice are not recoverable costs. First, teleconference calls are akin to phone calls, which are not recoverable. See <u>King</u>, 268 Fed. Appx. 389, 391–392 (citing <u>Northcross</u>, 611 F.2d at 639).

Second, the defendants listed the following dates for the teleconference charges: February 4, 2011, February 7 and 8, 2011, and March 21 and 23, 2011. The plaintiffs cannot find any evidence that teleconferences took place in this case on February 4, 2011 or March 21, 2011. (Exhibit 1 - Affidavit of Patricia Anderson).

Third, the charges from February 7 and 8 and March 23 were charges for depositions which were taken by video-teleconference. The witnesses were in locations outside of Memphis, Tennessee and plaintiffs' counsel, T. Robert Hill, along with defense counsel, Mr. Clarence Wilbon, were present in Mr. Wilbon's law offices. The witnesses were in remote locations and were accompanied by defense counsel, Mr. John Winter, and a paralegal who was present on the plaintiffs' behalf. The defendants volunteered their Memphis' law firm's technology as a way to reduce the costs for travel, which is non-recoverable. The defendants did not inform the plaintiffs that they would seek to recover the costs associated with the video-teleconferencing technology from the plaintiffs as costs. If the defendants had made this clear, the plaintiffs would have sought estimates from video-teleconferencing services to obtain a competitive rate. In preparing this response, the plaintiffs have determined that a competitive rate is

$175.00 per hour. (Exhibit 2 - Affidavit of Leah Jones).

Finally, the defendants should not be able to recover these charges because the parties used video-teleconferencing to avoid incurring the expense of attorney travel. Attorney travel is not a recoverable expense. Kaiser Indus. Corp. v. McLouth Steel Corp., 50 F.R.D. 5 (E.D. Mich. 1970) (noting that "on balance, the cases seem to favor the proposition that the traveling expenses, as well as counsel fees, incurred in the taking of the deposition are not taxable absent extraordinary and compelling circumstances."); see also, O'Bryhim v. Reliance Standard Life Ins. Co., 997 F.Supp 728, 737-38 (E.D. Va. 1998) aff'd 188 F.3d 502 (4th Cir. 1999); Garsham Co. Ltd. v. General Elec. Co., Inc., 993 F.Supp. 25, 29 (D. Mass. 1998) aff'd 176 F.3d 1 (1st Cir. 1999). The Court should not permit the defendants to profit from "teleconferencing charges" that were incurred in an effort to keep down costs, where travel costs to obtain the same proof are not recoverable.

**Double charges** .................................................................... **$1063.20**

The defendants listed charges for Suzanne Travers' deposition and Stella Jones' deposition twice. The charges for these depositions are listed on page 6 of the defendants' itemization (Document 153-1) and again on the invoices attached as pages 10 and 11 of Document 153-1.

**Other professional services** ...................................................... **$232.91**

The defendants listed "other professional services" as the second and third items on their itemization. Other professional services are not listed as recoverable costs under 28 U.S.C. § 1920. Accordingly, these vague charges are not recoverable.

Reducing the defendants costs by these impermissible charges brings the

alleged costs associated with this case from $17,395.73 (Document 153) to $10,711.74.

III.   The remaining costs are not recoverable because the defendants failed to demonstrate that the costs were reasonable and necessary.

Merely because the remaining costs are the types of costs that are recoverable under section 1920, does not mean that the costs are per se recoverable. The costs must be reasonable and necessary. The following costs, clearly do not meet those requirements:

**DVDs of Depositions................................................................... $400.00**

(See invoices attached as pages 12 and 13 of document 153-1, less postage). The defendants obtained the DVDs of video depositions. Had this case proceeded to trial, those costs would have been reasonable and necessary; however, this case had not yet reached the summary judgment phase when the DVDs were obtained. It was neither reasonable nor necessary for the defendants to obtain the DVDs until the case survived summary judgment. The case was in fact disposed of on the defendants' motion to exclude the plaintiff's expert; thus, it was not necessary or reasonable to obtain the DVDs of the defendants' experts in order for the defendants to prevail. Accordingly, the Court should not tax this charge against the plaintiffs.

**Transcript(s) Federal Court Reporter Mr. Dudley................................$885.00**

According to the defendants' itemization (Document 153-1), the defendants obtained transcripts of hearings in this case costing $885.00. There were only two hearings in this case. The first was a discovery hearing on Plaintiffs' motion to compel. There was no need to obtain the full transcript of the discovery hearing. The Court ordered the parties to draft an order based on the discovery hearing. The plaintiffs were able to

obtain a partial transcript from Mr. Dudley at a cost of $90.00. (Exhibit 3 - Affidavit of Sue Ann Wood). Using the partial transcript, the plaintiffs were able to draft an order that the parties collaborated on to present to the Court. The jointly-drafted, proposed order was accepted by the Court. Accordingly, the defendants should have taken the same reasonable and cost-saving measures as the plaintiffs and obtained a partial transcript. Since the plaintiffs were able to obtain a partial transcript at the cost of $90.00, any alleged costs for this transcript over this amount are neither reasonable nor necessary.

The second hearing in this case was based on the defendants' dispositive motion to exclude the plaintiffs' only expert. On July 6, 2011, the Court granted the defendants' motion and terminated the case. Since the Court granted the defendants' motion, there was no need to obtain a transcript of this hearing. A transcript would have only been necessary had the court denied the motion and the parties had proceeded to trial. Therefore, any costs associated with obtaining this transcript are not taxable. The court should strike the cost of these transcripts.

### Copies (including Third-Party Copying Services charges totaling $3,403.30; copies for subpoenas totaling $345.24)..............................................$3,748.54

Copies are recoverable costs, but in this case the defendant should not be able recover this amount because the costs are not reasonable and the copying was not necessary in this case. Based on the plaintiffs review of documents produced during discovery, the documents produced in this case were used in litigating other cases against the defendants involving the manufacture and sale of Remicade. (Exhibit 3 - Affidavit of Sue Ann Wood). Since the defendant had already obtained and prepared copies of these documents for other litigation, the plaintiffs should not bear the burden

of the costs of obtaining these documents. See Little Rock Cardiology Clinic, PA v. Baptist Health, 591 F.3d 591, 601–02 (8th Cir. 2009)(finding no abuse of discretion for denying costs associated with documents produced in discovery).

Further, the third party copying services were also used to burn documents on CDs. This cost is not specifically authorized by section 1920, and if the burning of documents from one electronic source to another or from paper to an electronic source is recoverable under section 1920, the defendants should show that the costs of transferring information in this manner is comparable to or less than the rate they charged for in-house copies. These costs should also be excluded if the documents transferred or scanned were produced in discovery. See Little Rock Cardiology Clinic, PA., 591 F.3d at 601–602.

**Subpoena Copy Costs..................................................................$445.24**

The defendants are seeking to recover the costs of copies for subpoenas as "fees for the service of summons and subpoenas." Copy costs associated with serving a summons or subpoena are not recoverable, especially in this case, where the defendants could have obtained the information regarding Ms. Nozinich's treatment at the ROC from the plaintiffs.

Eliminating the costs that are not reasonable and necessary reduces the recoverable costs to $5,232.96.

IV. <u>The defendants have not provided the Court with enough information to make a determination that the costs they are seeking are recoverable.</u>

**Deposition Transcript Costs associated with Ms. Despeaux's corporate deposition..................................................................................unknown**

The plaintiffs cannot determine which, if any, costs the defendants seek to

recover are associated with taking Ms. Despeaux's corporate deposition. Ms. Despeaux's corporate deposition costs are not recoverable, and the Court should not consider them to be reasonable and necessary because Ms. Despeaux was a late-named corporate representative. The plaintiffs had previously taken her deposition as a fact witness, and afterwards the defendants named her as a corporate representative forcing the plaintiffs to take her deposition twice. From the materials the defendants have provided, at the time of filing this response, the plaintiffs cannot determine whether the defendants have alleged any costs for her corporate deposition.

**Deposition Transcript Costs associated with taking of discovery depositions..............................................................................................unknown**

The Defendants are not permitted to recover the costs of discovery depositions. In re Williams Secs. Litig. WCG Subclass, 558 F.3d 1144, 1147–48 (10th Cir. 2009); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748 (8th Cir. 2006). The plaintiffs cannot determine from the materials submitted if the defendants are seeking to recover costs from discovery depositions. To the extent that they are, the Court should deny these costs as impermissible.

V.    The Court has discretion to award costs in an equitable manner.

Merely because the defendant were the prevailing party does not mean that the Court should automatically award the costs the defendants seek to recover. Federal Rule of Civil Procedure 54 provides that costs "should" be taxed. The Court may consider Mr. and Mrs. Nozinich's financial resources and ability to pay. See Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003).

## CONCLUSION

The Court should deny the defendants' motion for costs for five reasons:

(1) the defendants' motion was untimely;

(2) the defendants seek costs that are not recoverable;

(3) the defendants costs are not necessary or reasonable;

(4) the defendants have not provide the Court with sufficient information to determine whether the costs are recoverable; and

(5) the Court should consider Mr. and Mrs. Nozinich's ability to pay.

Respectfully submitted,

**HILL • BOREN P.C.**

s/ Laura Ann E. Bailey
T. ROBERT HILL   (BPR #08141)
Laura Ann E. Bailey (BPR #27078)
1269 North Highland Avenue
Post Office Box 3539
Jackson, Tennessee 38303-3539
(731) 423-3300
trhill@hillboren.com
lbailey@hillboren.com
*Attorneys for Plaintiffs*
*Patricia Nozinich and*
*Peter Nozinich*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney of record for the plaintiff and that he has served a true and correct copy of the foregoing pleading, via electronic filing, through the U.S. District Court's ECF System and hand delivery to Mr. Wilbon's office at 100 Peabody Place, Suite 900, Memphis, TN 38108-3672.

**Bass, Berry & Sims, PLC**
Clarence A. Wilbon #023378
Nolan M. Johnson #026399
The Tower at Peabody Place
100 Peabody Place, Suite 900
Memphis, TN 38108-3672
(901) 543-5900

John D. Winter *(Pro Hac Vice)*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212)336-2222

*Attorneys for Defendants*
*Johnson & Johnson, Inc. and*
*Centocor Ortho Biotech, Inc.*

On this the 1st day of September, 2011.

/s/ Laura Ann E. Bailey
LAURA ANN E. BAILEY, ESQ (BPR #27078)